IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LA'KEYA KEO,<br>　　　　Plaintiff<br><br>　　v.<br><br>NORTHEASTERN REGIONAL<br>POLICE DEPARTMENT,<br>　　　　Defendant | : No. 1:25cv125<br>:<br>: (Judge Munley)<br>:<br>: (Chief Magistrate Judge Bloom)<br>:<br>:<br>: |

## MEMORANDUM ORDER

Before the court for disposition is a report and recommendation ("R&R") from Chief Magistrate Judge Daryl F. Bloom, which recommends dismissing Plaintiff La'Keya Keo's civil rights complaint without prejudice after conducting a preliminary screening pursuant to 28 U.S.C. §1915(e)(2). (Doc. 9). The R&R further recommends providing Keo with 21 days to file an amended complaint addressing the defects in her initial pleading as identified in the R&R. (Id.) In response, Keo has filed a document entitled "motion to continue" and "motion to reconsider judgment," which the Clerk of Court has docketed as her objections to the R&R. (Doc. 10). The R&R is thus ripe for disposition.

**Background**

Keo filed a complaint against the Northeastern Regional Police Department ("NRPD") on January 21, 2025. (Doc. 1). Keo alleges that, on February 19, 2024, she called 911 after she became homeless. (Id. at 2). Upon responding to

her call, two NRPD officers allegedly lied to the plaintiff, telling her that they had secured a bed for her at a shelter. (Id.) Instead, they transported her to York Hospital, where her belongings were allegedly stolen. (Id.) Then, as alleged, the NRPD officers "forced" her to Lancaster Behavioral Health Hospital ("LBHH"), which indicates that she was involuntarily committed at that facility under Pennsylvania's Mental Health Procedures Act ("MHPA"), 50 PA. STAT. §§ 7301–7306. (Id.) Keo's complaint also attaches a letter she received from Community Care Behavioral Health Organization regarding a complaint she lodged against the clinicians and staff at LBHH. (Id. at 3). Per that exhibit, Keo complains of misdiagnoses and forced injections of medications while committed to LBBH. (Id.) The letter also reflects that Keo accused LBHH staff of breaking her finger and injuring her hip. (Id.)

The R&R liberally construed Keo's complaint against NRPD as asserting a municipal liability claim pursuant to 42 U.S.C. § 1983 ("Section 1983") for failure to train the officers involved in the involuntary commitment. (Doc. 9 at 5-7). After reviewing the law relative to failure-to-train claims as it has developed following Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 695 (1978), the R&R concludes that Keo's complaint lacks any factual allegations to support such a claim. (Id. at 7-8). Keo responded to the R&R in a timely manner, which brings this case to its present posture. (Doc. 10).

2

**Jurisdiction**

As the case is ostensibly filed pursuant to Section 1983, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

To the extent that Keo's response to the R&R may be construed as objections, they would concern Chief Magistrate Judge Bloom's recommended dismissal of her complaint for failure to state a claim. In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. If a plaintiff has not objected to certain portions of the R&R, then in deciding whether to adopt those portions, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court

need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

**Analysis**

As alluded to above, Keo's response to the R&R, even when liberally construed, does not address the conclusions of Chief Magistrate Judge Bloom regarding her apparent Section 1983 municipal liability claim. It only briefly reiterates her allegations of wrongdoing against NRPD officers. (Doc. 10 ¶ 4 & p. 4). Seeing no plain error or manifest injustice after a review of the record, the R&R will thus be adopted. The complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Keo's response to the R&R instead focuses on the conduct of LBHH. (Doc. 10). As referenced in the R&R, plaintiff filed a separate action against LBHH. (Doc. 9 at 2, n. 2). The court previously transferred that case to the Eastern District of Pennsylvania. (Id.). After transfer, the Honorable John M. Gallagher likewise dismissed Keo's claims against LBHH pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Keo v. Lancaster Behav. Health Hosp., No. 24-CV-6639, 2025 WL 836589 (E.D. Pa. Mar. 17, 2025). Following that decision, an appeal was filed with the Third Circuit Court of Appeals at docket number 25-1945. Accordingly, to the extent that Keo intended to respond to orders entered against

her in the Eastern District of Pennsylvania, Keo will be directed to file that document in the appropriate court using the appropriate case caption.

The R&R also recommends providing Keo with leave to file an amended complaint against NRPD so long as the plaintiff corrects the defects referenced within the R&R and files the amended complaint within 21 days. The court will also adopt that recommendation.

Thus, for the reasons set forth above, it is hereby **ORDERED** that:

1) Keo's "motion to continue" and "motion to reconsider judgment," (Doc. 10), is **DENIED** and any objections to the R&R contained therein are **OVERRULED**;

2) The R&R, (Doc. 9), is **ADOPTED**;

3) Keo's complaint against NRPD, (Doc. 1), is **DISMISSED** without prejudice to the plaintiff endeavoring to correct the defects identified in the R&R;

4) Keo shall file any amended complaint within 21 days of the date of this order;

5) If Keo fails to file an amended complaint regarding her claims against NRPD within this period, the court will dismiss this action with prejudice and direct the Clerk of Court to close this case; and

6) If plaintiff intended to submit information to the Eastern District of Pennsylvania or the Third Circuit Court of Appeals in her response to the

R&R, the court is unable to forward this document and she shall file her motion in the appropriate court with the appropriate case caption.

Date: 6/13/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court